UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JAMA HALL, *et al.*,

Plaintiffs,

v.

DG SMITH ENTERPRISES,

Defendant.

Case No. 2:26-cv-2975-DC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiffs Anthony Jama Hall and Robert Cooper bring this action against DG Smith Enterprises. I recommend that the complaint be dismissed without leave to amend for failure to state a claim, and I will grant both applications to proceed *in forma pauperis*.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiffs bring this federal lawsuit because they were denied service at a Taco Bell.[1] ECF No. 1. Plaintiffs raise three separate incidents at the same Taco Bell. The first occurred on October 14, 2024, when plaintiff Hall entered the Taco Bell at approximately 12:30 in the morning, purchased food, and then was asked by an employee at 1:10 a.m. when Hall intended to leave. *Id.* at 5. The employee explained that the restaurant closes at 2:00 a.m. and they needed to

---

[1] Plaintiff Hall has brought several unmeritorious cases in the Eastern District. Most recently, he brought a case alleging that his constitutional rights were violated when he was prohibited from video recording during criminal court proceeding. *See Hall v. Berrera*, Case No. 2:26-cv-2919-DAD-JDP. Another was dismissed because of *res judicata* (plaintiff Hall had previously litigated the same issues in two other cases) and statute of limitations (the event at issue occurred in 2011). *See Hall v. Sacramento County Department of Child Protective Services*, Case No. 2:26-cv-0259-DJC-SCR.

clean. *Id.* Hall ultimately left the restaurant.[2] *Id.* at 6. The next incident occurred the week before December 19, 2024. *Id.* Plaintiffs ordered cheesy bean and rice burritos and requested nacho fries on the side, but the restaurant put the fries in the burritos. *Id.* Plaintiffs requested a refund for the burritos and were informed the refund would be processed, but plaintiffs allege the refund did not appear.[3] *Id.*

Finally, plaintiffs allege that on December 19, 2024, they were in line to order at the Taco Bell when a security employee approached plaintiffs and stated that Cooper was not permitted in the restaurant. *Id.* at 7. Plaintiffs allege that Cooper did not have a written trespass notice, but the security employee nonetheless instructed the cashier to not process plaintiffs' order. *Id.* Plaintiffs allege that the security employee referred to Hall as a "trouble maker," and that he contacted the Sacramento Police Department. *Id.* at 7-8. Police officers ordered plaintiffs to leave the restaurant. *Id.* at 8. Plaintiffs allege that "the denial was intentional and racially discriminatory" and that "they were treated differently from customers outside their protected racial class in circumstances where they otherwise sought the same ordinary commercial service." *Id.*

Plaintiffs bring a claim under 42 U.S.C. § 1981 and California's Unruh Civil Rights Act, California Civil Code §§ 51-52. *Id.* at 17-20.

To bring a claim under 42 U.S.C. § 1981, a plaintiff must establish: (1) membership in a protected class based on race, ethnicity, or ancestry; (2) the existence of an impaired contractual relationship under which the plaintiff has rights; (3) intentional racial discrimination by the defendant; and (4) that race was the but-for cause of the plaintiff's injury. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). "To plead intentional discrimination, 'plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's actions.'" *Williams v. Tobener*, No. C 16-02209 SBA, 2016 WL

---

[2] Plaintiffs allege that they only plead this incident "as background and context," but that they reserve their "right to amend if discovery establishes that the October 14 conduct independently satisfies all elements of a federal or state discrimination claim." *Id.* at 6.

[3] Plaintiffs plead this incident for "context."

5235039, 2016 U.S. Dist. LEXIS 129931 (N.D. Cal. Sep. 22, 2016) (quoting *Mesumbe v. Howard Univ.*, 706 F. Supp. 2d 86, 92 (D.D.C. 2010)); *Granier v. Ladd*, No. 5:14-cv-05372-EJD, 2015 WL 5676021 at *10 (N.D. Cal. Sep. 28, 2015) (granting a motion to dismiss on a section 1981 claim because the "Plaintiff fail[ed] to provide non-conclusory factual allegations that provide[d] a reasonable inference of discrimination based on his race").

The complaint fails to plead a section 1981 claim. First, much of the conduct plaintiffs attribute to defendant does not implicate any racially discriminatory motive. Merely claiming that defendant's actions were "racially discriminatory" does not state a section 1981 claim absent allegations that establish defendant acted "*because of* [plaintiffs'] race or race-related complaint." *Jones v. Rising Phoenix Holdings Corp.*, No. CV 25-00178 MWJS-RT, 2025 WL 2802180, at *5 (D. Haw. Oct. 1, 2025) (emphasis in original). While plaintiffs allege that defendant's conduct was racially motivated, merely asserting as much in a conclusory fashion is not enough to state a claim. *See Ashcroft*, 556 U.S. at 678; *see also Bastidas v. Good Samaritan Hosp. LP*, 774 F. App'x 361, 363 (9th Cir. 2019) ("Though the [complaint] is replete with allegations that white physicians were treated differently than plaintiff, these bare allegations do not sufficiently point to underlying facts to be entitled to the presumption of truth.") (internal quotation marks omitted). Indeed, it appears from plaintiffs' recorded history with the establishment that plaintiffs have been asked to leave previously for non-discriminatory reasons. *See* ECF No. 1 at 6 (alleging that plaintiff Hall was asked to leave because the restaurant was closing soon and the employees needed to clean up).

Moreover, even if plaintiffs' allegations did state that defendant's actions were racially motivated, they would still fail to state a claim because they have neither alleged nor shown it was the *but for* cause. *See Domino v. Kentucky Fried Chicken*, No. 19-cv-8449, 2020 WL 5847306, at *2 (N.D. Cal. Oct. 1, 2020) (holding that "allegations that racial discrimination was a 'motivating factor' in a defendant's actions are insufficient to plead a claim" absent allegations that "racial discrimination was the but-for cause"). Even if plaintiffs were attempting to allege but-for causation by alleging that similarly situated customers were treated differently, these allegations are too conclusory.

Because I find that plaintiffs have not sufficiently alleged a federal claim, I will decline to exercise supplemental jurisdiction over plaintiffs' state law claims.

Accordingly, it is hereby ORDERED that plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 2 & 3, are GRANTED.

Further, it is hereby RECOMMENDED that

1. Plaintiffs' complaint, ECF No. 1, be DISMISSED without leave to amend.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE